1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL OWENS, an individual,

                        Plaintiff,

    vs.

BLACK HILLS, INC., a Washington
corporation, and MICHAEL J. KIRCHMEIER,
an individual.

                       Defendants.

Case No:

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

      Plaintiff Emanuel Owens ("Plaintiff") alleges against Defendants Black Hills, Inc.

("Black Hills") and Michael J. Kirchmeier as follows:

### I.  JURISDICTION AND VENUE

      1.     This action arises from an employment relationship between Plaintiff and

Defendants.  Plaintiff alleges claims based on violations of the Washington Law Against

Discrimination ("WLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the

Washington Consumer Protection Act ("CPA"), and state and federal wage and hour statutes.

      2.     This Court has subject matter jurisdiction over Plaintiff's federal law claims

pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES – Page 1

3.      Venue is proper in the Western District of Washington because the events and transactions giving rise to Plaintiff's claims took place in the Western District of Washington.

4.      On July 21, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Black Hills, Inc. for retaliation.  On October 21, 2020, Plaintiff received a right to sue letter from the EEOC.

## II.  PARTIES

5.      Plaintiff is a resident of Thurston County, Washington.

6.      Defendant Black Hills, Inc. is a Washington corporation conducting business in the Western District of Washington.  Defendant Black Hills, Inc. is licensed as an electrical and construction contractor with the Washington State Department of Labor & Industries.

7.      Defendant Black Hills, Inc. is an "employer" with the requisite number of employees to be subject to the WLAD and Title VII.  Defendant is also an "employer" subject to Washington and federal statutes governing the payment of wages, including RCW 49.12 *et seq.*, RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, RCW 49.52 *et seq.*, the implementing regulations for those chapters, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

8.      Defendant Michael J. Kirchmeier is a resident of Thurston County and the owner, with his marital community, of Black Hills.

## III.  FACTUAL BACKGROUND

9.      Plaintiff applied to be an electrical apprentice at Black Hills and was hired for that position in May 2018.  Plaintiff was, and continues to be, working toward his required apprenticeship hours in order to become a licensed electrician in Washington state.

10.      Though Plaintiff was not yet a licensed electrician, Black Hills directed Plaintiff to perform unsupervised electrical work in violation of Washington state law.  During Plaintiff's employment at Black Hills, Black Hills held Plaintiff out to the public as an "Electrician" instead of an "Electrical Apprentice" on its website.  *See* **Exhibit A**.  Black Hills

COMPLAINT FOR DAMAGES – Page 2

1   provided business cards to Plaintiff identifying him as "Manny Owens Licensed Electrician"

2   which Plaintiff refused to distribute because it was false.  *See* **Exhibit B**.

3        11.     Defendants knew that Plaintiff was not a licensed electrician during the

4   duration of his employment, but promised Plaintiff that he would eventually succeed Roy

5   Ball, the current supervisory licensed electrician for Black Hills.  Defendants represented to

6   Plaintiff that the electrical work he was performing for Black Hills would qualify as

7   apprenticeship hours necessary for Plaintiff to become a licensed electrician.  Plaintiff relied

8   upon Defendants' representations to his detriment.

9        12.     During Plaintiff's employment at Black Hills he personally observed Mr.

10   Ball's regular, unprovoked and derogatory comments about women and minorities.  Mr.

11   Ball's highly inappropriate conduct was common knowledge at Black Hills and so was his

12   close relationship with Defendant Mike Kirchmeier.  Mr. Kirchmeier said multiple times to

13   Plaintiff and other Black Hills employees, "You gotta drink the Kool-Aid" and "Roy [Ball]

14   and Jeremy [Scheffer] are head down, butt up kind of guys."  In around February 2019, Mr.

15   Kirchmeier invited Plaintiff, Mr. Ball, and other Black Hill employees to a strip club as a

16   reward for their work.  Plaintiff declined the invitation.  Plaintiff was uncomfortable with the

17   work environment at Black Hills but continued to work there to earn apprenticeship hours

18   necessary to become a licensed electrician.

19        13.     In around October 2019, Black Hills, through Mr. Ball, attested in an affidavit

20   to 3,104.43 of apprenticeship hours performed by Plaintiff between May 2018 and October

21   2019.  In addition to the apprenticeship hours Plaintiff already earned prior to working at

22   Black Hills, these apprenticeship hours should have qualified Plaintiff to be eligible to take

23   the electrician examination / certification.  This affidavit, attached as **Exhibit C,** was certified

24   by Mr. Ball and notarized by Black Hills' Human Resources and Office Manager, Darlene

25   Jorgensen.

26

COMPLAINT FOR DAMAGES – Page 3

**MBE LAW GROUP PLLC**
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

14.     On around November 5, 2019, the Washington State Department of Labor and Industries (L&I) rejected the affidavit and notified Mr. Owens that the "hours reported exceed the amount of hours found in Employment Security Department for the time frame reported." *See* **Exhibit D**.  Plaintiff contacted L&I to understand what happened and learned about time reporting anomalies by Black Hills.  Plaintiff ultimately was only able to obtain only 1,264 electrical apprenticeship hours for the time he worked at Black Hills, less than half of the hours Black Hills attested to L&I and assured Plaintiff he would obtain.

15.     The type of discrepancy was not unique to Plaintiff but reflected Black Hill's fraudulent accounting and reporting practices, including falsely reporting apprenticeship hours to L&I.  Upon information and belief, Black Hills was later investigated and audited by L&I for their reporting practices.

16.     Plaintiff was confused and distraught but continued to perform unsupervised electrical work as directed by Black Hills for the next two months until early January 2020.

17.     On around January 9, 2020, Black Hills' Human Resources and Office Manager, Ms. Jorgensen and Mr. Kirchmeier interviewed Plaintiff in connection with a sexual harassment complaint made by a female electrical apprentice against her supervisor Roy Ball. Plaintiff answered truthfully about the sexual harassment directed at the female electrical apprentice and provided his observations about Mr. Roy's racist and sexist behavior at work.

18.     The next day, on around January 10, 2020, Mr. Kirchmeier informed Plaintiff that he was a "primadonna" and would not be performing electrical circuit work anymore.

19.     One week later, Plaintiff was demoted to only doing sales calls and service diagnostics instead of working on electrical circuits, the job he was hired to do and had been doing since his hire.  This demotion significantly reduced Plaintiff's pay.

20.     Over the next three months, Defendants continued to retaliate against Plaintiff emotionally and financially which was a stark departure from the promises that Plaintiff would one day become the licensed electrician for Black Hills.  For example, Defendants

COMPLAINT FOR DAMAGES – Page 4

refused to allow Plaintiff to perform work he was hired and qualified to do, would give work procured by Plaintiff as a salesman to Mr. Roy, falsely accuse Plaintiff of stealing equipment, and refuse to correct discrepancies in Plaintiff's paycheck that appeared to be more time fraud.

21.     On April 30, 2020, Mr. Kirchmeier fired Plaintiff for the purported reason that there was not enough work.  Another electrical apprentice, who was questioned about but did not report sexual harassment, was asked to come back to work the day before, on April 29, 2020.  Other Black Hills employees were allowed to go on standby and not terminated.

22.     While working for Black Hills, Plaintiff was not paid for all hours worked. Defendant improperly reduced Plaintiff's hours for periods where Plaintiff was either performing work tasks, engaged to wait, or engaged in compensable travel time.  Defendant also regularly subtracted meal periods from Plaintiff's hours worked even though Plaintiff did not receive those required meal periods.  By not paying Plaintiff for all hours worked, Black Hills failed to pay Plaintiff the required minimum wage.  During weeks where Plaintiff worked in excess of forty hours, Black Hills failed to pay Plaintiff for all overtime hours worked.   Defendant's actions constitute a willful and intentional deprivation of wages.

## IV.  CLAIMS

### FIRST CAUSE OF ACTION
**(Retaliation under Title VII and WLAD against
Defendant Black Hills, Inc. and Retaliation under the WLAD against
Defendant Kirchmeier)**

23.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 22 above.

24.     Black Hills retaliated against Plaintiff starting the day after he truthfully reported sexual harassment in response to an investigation and continuing for three months until his termination.

COMPLAINT FOR DAMAGES – Page 5

MBE LAW GROUP PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

25.     Plaintiff opposed what he reasonably believed to be discrimination and harassment based on sex and race.  Plaintiff provided information to establish that discrimination and harassment of another Black Hills employee occurred.

26.     The above facts give rise to a claim against Defendant Black Hills, Inc. for retaliation in violation of the WLAD and Title VII and against Defendant Kirchmeier for his retaliatory actions in violation of the WLAD.

### SECOND CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy against**
**Defendant Black Hills, Inc.)**

27.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 26 above.

28.     The above facts give rise to a claim against Defendant for the tort of wrongful termination in violation of public policy under Washington state law.  Washington has a clear public policy against retaliation and discrimination in employment.  As described above, Plaintiff was terminated for retaliatory reasons.

29.      Washington also has a clear public policy that employees should be compensated for all hours worked in accordance with Washington's minimum wage and overtime requirements.  Plaintiff's questions and complaints about discrepancies in Defendant's timekeeping records were a substantial factor in his termination, which constitutes a violation of this public policy.

### THIRD CAUSE OF ACTION
**(Violation of the Consumer Protection Act against**
**Defendant Black Hills, Inc.)**

30.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 29 above.

31.     Defendant engaged in an unfair or deceptive act or practice in the conduct of its business that affects the public interest.  The public has an interest in obtaining electrical services that are in accordance with Washington state law.  Defendant's unfair or deceptive act has the capacity to reach a substantial portion of the public.

COMPLAINT FOR DAMAGES – Page 6

32.     As a direct result of Defendants' conduct, Plaintiff suffered injury to his business or property.

**FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation against**
**Defendant Black Hills, Inc.)**

33.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 32 above.

34.     As described above, Defendant affirmatively supplied information to Plaintiff and L&I that it knew or should have known was false.

35.     Plaintiff reasonably relied on Defendant's negligent mispresenations which directly caused him harm.

**FIFTH CAUSE OF ACTION**
**(Violation of Washington's Minimum Wage Requirements and Labor Standards,**
**RCW 49.46 *et seq.*, against Defendant Black Hills, Inc.)**

36.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 35 above.

37.     Under Washington State's Minimum Wage Requirements and Labor Standards Act, RCW 49.46 *et seq.*, employees are entitled to compensation for all regular hours worked and for any overtime hours worked.

38.     Under Washington law, "hours worked" means "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place."  WAC 296-126-002(8).  Hours where the employee is engaged to wait and hours where the employee is engaged in on duty drive time constitute hours worked.

39.     As described above, Defendant did not pay Plaintiff for all hours spent performing work tasks, hours engaged to wait, hours of on duty drive time, and working hours that Defendant incorrectly classified as unpaid meal periods.  This constitutes a failure to pay minimum wage in violation of RCW 49.46.020.

40.     Defendant also failed to pay Plaintiff for all hours worked during weeks where Plaintiff worked in excess of forty hours, which constitutes a failure to pay required overtime

COMPLAINT FOR DAMAGES – Page 7

MBE LAW GROUP PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

in violation of RCW 49.46.130.

**SIXTH CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act, 29. U.S.C. § 201 *et seq.*, against Defendant Black Hills, Inc.)**

41.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 40 above.

42.     At all relevant times, Defendant was an employer and enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.     Plaintiff was a nonexempt employee of Defendant.

44.     As described above, Defendant failed to pay Plaintiff for all hours worked.

45.     By failing to pay Plaintiff for all hours worked, Defendant violated the FLSA's requirement to pay the minimum wage.  29 U.S.C. § 206.

46.     By failing to pay Plaintiff for all hours worked during weeks where Plaintiff worked in excess of forty hours, Defendant violated the FLSA's requirement to pay overtime. 29 U.S.C. § 207.

47.     Defendant's conduct constitutes a willful violation of the FLSA.

**SEVENTH CAUSE OF ACTION**
**(Failure to Provide Required Meal Periods in violation of WAC 296-126-092 against Defendant Black Hills, Inc.)**

48.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 47 above.

49.     WAC 296-126-092 requires employers to provide employees with a meal period of at least thirty minutes, which must commence no less than two hours or more than five hours from the beginning of the shift.  The regulation also provides that no employee shall be required to work more than five consecutive hours without a meal period.

50.     Defendant regularly failed to provide Plaintiff with required meal periods.

**EIGHTH CAUSE OF ACTION**
**(Willful Deprivation of Wages in Violation of RCW 49.52.050 and RCW 49.52.070 against Defendants Black Hills, Inc. and Kirchmeier)**

51.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 50 above.

COMPLAINT FOR DAMAGES – Page 8

MBE LAW GROUP PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

52.     As alleged above, Defendants' failure to pay Plaintiff for all hours worked and failure to provide meal periods constitutes a willful deprivation of wages in violation of RCW 49.52.050 and RCW 49.52.070.

## V. DAMAGES

53.     Plaintiff re-alleges and hereby incorporates paragraphs 1 through 52 above.

54.     As a direct result of Defendants' unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits and mental and emotional distress, all in amounts to be determined at trial.

## VI. DEMAND FOR JURY

55.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter judgment against Defendants for the following:

a.      Damages for back pay, front pay, and lost benefits in an amount to be determined at trial;

b.      Damages for emotional harm in an amount to be determined at trial;

c.      Damages for unpaid hours worked, meal periods, and overtime in amounts to be determined at trial;

d.      Exemplary damages pursuant to RCW 49.52.070 of twice the amount of wages wrongfully withheld;

e.      Liquidated damages as provided by 29 U.S.C. § 216(b);

f.      Prejudgment interest;

g.      Compensation for the tax consequences associated with a damages award;

h.      Attorney's fees and costs pursuant to any applicable statutes; and

i.      Any further and additional relief that the court deems just and equitable.

MBE LAW GROUP PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel. (206) 400-7722
Fax. (206) 400-7742

DATED this 30th day of October, 2020.

MBE LAW GROUP PLLC


By: _s/ Margaret Pak Enslow_
By: _s/ David C. Martin_

Margaret Pak Enslow, WSBA No. 38982
David C. Martin, WSBA No. 38325
MBE Law Group PLLC
1700 Seventh Ave., Suite 2100, PMB 574
Seattle, Washington 98101
Tel: (206) 400-7722
Fax: (206) 400-7742
Email: margaret@mbelg.com
      dmartin@mbelg.com

Attorneys for Plaintiff Emanuel Owens

COMPLAINT FOR DAMAGES – Page 10